*Decision will be entered under Rule 50.*

ROBERTS-SOLOMON TRUST ESTATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80149. Promulgated June 26, 1936.

*Ward Loveless, Esq., George M. Wollcott, Esq.*, and *Walter T. Johnson, Esq.*, for the petitioner.

*W. H. Payne, Esq.*, and *R. N. McMillan, Esq.*, for the respondent.

724

## OPINION.

ARUNDELL: The issue here is whether the Roberts-Solomon trust is taxable as an association. If it is taxable as a trust, the petitioner claims an overpayment of the entire tax as paid. $559.05, by virtue

of the fact that all the net income of the trust for the year was distributed to the beneficiaries.

In our opinion, the trust possesses every feature enumerated in the *Morrissey* case, 296 U. S. 344, as essential characteristics of a corporate organization. There was centralized management, continuity of existence, transferable beneficial interests, and limited liability. Thus, the trust is distinguishable from the *Guitar Trust Estate*, 25 B. T. A. 1213; affd., 72 Fed. (2d) 544, involving a similar family settlement where the court held: "Except that the trustees were authorized to continue the going business, the trust had no feature in common with a corporation."

There was no question but that the Roberts-Solomon trust was "doing business", *Morrissey* v. *Commissioner, supra; Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Swanson* v. *Commissioner*, 296 U. S. 362; *Commissioner* v. *Vandergrift Realty & Investment Co.*, 82 Fed. (2d) 387, and was not created merely for liquidation purposes, *Wilson Syndicate Trust*, 14 B. T. A. 508; affd., 39 Fed. (2d) 43; *Morriss Realty Co. Trust No. 1*, 23 B. T. A. 1076; affd., 68 Fed. (2d) 648, or merely to collect and distribute rents, *Lansdowne Realty Trust* v. *Commissioner*, 50 Fed. (2d) 56; and cf. *Franklin Title & Trust Co.*, 32 B. T. A. 266; *Smathers Power Typewriter Co.*, 28 B. T. A. 327; and *Vandergrift Realty & Investment Co., supra*.

The petitioner claims that a feature distinguishing this trust from those in the *Morrissey* and related cases is that the parties here did not of their own volition pool their separate sources to undertake this business enterprise. It relies on statements by Chief Justice Hughes in the *Morrissey* case, as follows:

"Association" implies associates. It implies the entering into a joint enterprise, and * * * an enterprise for the transaction of business. This is not the characteristic of an ordinary trust—whether created by will, deed, or declaration—by which particular property is conveyed to a trustee or is to be held by the settlor, on specified trusts, for the benefit of named or described persons.

Such beneficiaries do not ordinarily, and as mere *cestuis que trust*, plan a common effort or enter into a combination for the conduct of a business enterprise * * *

We think that this statement, taken in its context and with reference to the circumstances of the case to which it is directed, means no more than that an "ordinary trust—whether created by will, deed, or declaration" is not created "for the conduct of a business enterprise", but rather for the passive purpose of separating the legal and equitable title, or of liquidation. In this case we have a trust definitely created for the transaction of a business. We see no reason for distinguishing it from the ordinary business trust taxable as a corporation merely on the ground that the participants did not furnish the

capital with which the business is carried on. The mere fact that they were given the business instead of creating it themselves seems no reason for holding that there is no association. Had they received undivided interests in the property by deed or will and then established the trust themselves, it would undoubtedly be taxable as an association. Cf. *Lloyd M. Willis et al., Trustees*, 22 B. T. A. 564; affd., 58 Fed. (2d) 121. The same should be true where they accept interests in a trust conducting a going enterprise. Had the grantor not sought the advantages of the corporate modes of procedure, she could simply have declared a trust, naming herself as sole trustee and continued to manage the business without being subject to taxation as a corporation. *E. A. Holmes, Trustee*, 27 B. T. A. 1229. But she chose to give to the trust features analogous to the corporate form and the beneficiaries accepted the gift, "burdened" with the advantages which are characteristic of a corporation. The trust is taxable as a corporation.

*Judgment will be entered under Rule 50.*